# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>        c/o United States Attorney's Office<br>        Judiciary Center Building<br>        555 4th Street, N.W.<br>        Washington, D.C. 20530,<br><br>                **Plaintiff,**<br><br>        v.<br><br>**ONE 2005 CHRYSLER 300C,**<br>**VIN 2C3AA63H45H667165,**<br>        with all appurtenances and<br>        attachments thereon,<br><br>                **Defendant.** | Civil Action No. |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully states as follows:

1. This is a civil action, *in rem,* brought to enforce the provisions of: (1) 21 U.S.C. § 881(a)(4), which provides for the forfeiture of property that was used or is intended for use, to transport or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, in violation of 21 U.S.C, § 801 et seq.; (2) 21 U.S.C. § 881(a)(6), which provides for the forfeiture of property furnished in exchange for controlled substances, constitutes proceeds traceable to an exchange of controlled substances and/or facilitates the commission of the sale of controlled substances, in violation of 21 U.S.C, § 801 et seq.; and (3) 18 U.S.C. § 981(a), which provides for the forfeiture of property involved in a violation of anti-money-laundering

1

provisions of 18 U.S.C. §§ 1956 and/or 1957.

2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). Venue is established by virtue of 28 U.S.C. §§ 1355(b)(1), 1395(b), and 1391(b).

3. The defendant vehicle is a 2005 Chrysler 300C, VIN: 2C3AA63H45H667165 with all appurtenances and attachments thereon.

4. The defendant vehicle is registered to Christopher Brown (hereinafter, "Brown") who resides in Falls Church, Virginia.

5. The defendant vehicle was seized on April 13, 2005, while located within the jurisdiction of this Court and will remain in the jurisdiction of this Court during the pendency of this action.

6. The defendant vehicle was appraised, at the time of its seizure, as having a value of approximately $32,569.00.

7. On April 13, 2005, a United States Park Police Officer observed the defendant vehicle being driven recklessly in the vicinity of the northbound Third Street tunnel ramp in Washington D.C. The Park Police Officer conducted a traffic stop of the vehicle and discovered that Brown was operating the car.

8. Brown was arrested for reckless driving. A search of the defendant vehicle was conducted and, during the search, officers recovered: a loaded CZ Model Vzor 70, 7.65 mm semiautomatic pistol; 1.5 grams of crack cocaine with an approximate street value of $150.00; one gram of marijuana with an approximate street value of $10.00; two grams of heroin with an approximate street value of $200.00; 33 ½ white tablets marked "Mylan A," suspected Alprazolam, with an approximate street value of $330.00; and a clear ziplock baggy containing

64 small empty, red ziplock bags like those that drug distributors use to package controlled substances for unlawful street-level distribution in and around Washington, D.C.

9. A subsequent investigation disclosed that Brown purchased the defendant vehicle from Koons of Tysons Corner on March 17, 2005 for $52,103.04. Brown paid $40,000.00 as a down payment for the defendant vehicle. He paid $25,000.00 using a cashier's check and $15,000.00 using a personal check. Brown financed the remaining $12,103.04 with Daimler Chrysler Finance Corporation.

10. On July 14, 2005, Brown and Barbara Carl (hereinafter "Carl") and submitted to the FBI through counsel a "Claim of Ownership" pursuant to 19 U.S.C. § 1608.

11. According to employment records for the District of Columbia and Maryland, Brown has not been employed in either of those jurisdictions for several years. Employment records for Virginia disclose that Brown earned $60.00 in February 2000 and $380.04 in April 2002.

12. An employment records check for Carl disclosed that legitimate income has not been reported for her in either Maryland, Virginia, or the District of Columbia.

## **COUNT I**

13. All allegations contained in paragraphs 1 through 12 are re-alleged and incorporated, herein, by reference.

14. In light of the above-described events, there is reason to believe that the defendant vehicle was used or intended for use, to transport, or facilitate the transportation, sale, receipt, possession or concealment of controlled substances, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT II

15. All allegations contained in paragraphs 1 through 12 are re-alleged and incorporated, herein, by reference.

16. In light of the above-described events, there is reason to believe that the defendant vehicle was purchased with proceeds that were furnished in exchange for controlled substances, or is traceable to such an exchange, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## COUNT III

17. The allegations contained in paragraph numbers 1 through 12 are realleged and incorporated, herein, by reference.

18. The defendant vehicle is subject to forfeiture because Brown's purchase of the vehicle constitutes money laundering. Specifically, Brown's purchase of the defendant vehicle involved a "financial transaction" as that term is defined by 18 U.S.C. § 1956(c)(4), the purpose of which was to conceal or disguise the nature, location, source, ownership, or control of the proceeds of a specified unlawful activity.

19. In light of the above-described events, there is reason to believe that the defendant vehicle is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i), and is therefore subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(A).

## COUNT IV

20. The allegations contained in paragraph numbers 1 through 12 are realleged and incorporated, herein, by reference.

21. The defendant vehicle is subject to forfeiture because Brown's purchase of the

vehicle constitutes a "monetary transaction," as defined by 18 U.S.C. § 1957(f)(1), in property derived from specified unlawful activity and of a value greater than $10,000.00.

22. In light of the above-described events, there is reason to believe that the defendant vehicle is derived from proceeds traceable to a violation of 18 U.S.C. § 1957(a), and is therefore subject to forfeiture pursuant to 18 U.S.C § 981(a)(1)(A).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the defendant vehicle as described above; that due notice be given to all interested persons to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant property to be forfeited to that United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

_____
MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
555 4th St., NW
Washington, D.C.  20530
(202) 514-7065

## VERIFICATION

I, Lisa Miller, Special Agent with the Federal Bureau of Investigation, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Complaint for Forfeiture, <u>in rem</u>, is based upon reports and information furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this ___ day of October, 2005.

_____
Lisa Miller
Special Agent
Federal Bureau of Investigation