UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 05-CV-02018 |
| v. | : | |
| | : | Judge: James Robertson |
| ONE 2005 CHRYSLER 300C, | : | |
| VIN 2C3AA63H45H667165, | : | |
| with all appurtenances and | : | |
| attachments thereon, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PARTIES' JOINT REPORT PURSUANT TO LCvR 16.3(d)**

Pursuant to LCvR 16.3(d), the United States of America, the Plaintiff herein, as represented by the United States Attorney for the District of Columbia, Claimant Barbara Carl, as represented by John M. Tran, Esq., and Claimant DaimlerChrysler, as represented by Samuel J. DeBlasis, II, ("the Parties") hereby, make their Rule 16.3(d) report to the Court.[1]

The Plaintiff's verified complaint was filed on October 12, 2005, alleging that the defendant vehicle, One 2005 Chrysler 300C, constituted the proceeds of, or was used to facilitate violations of 21 U.S.C. § 801 *et seq.*, and 18 U.S.C. §§ 1956 or 1957. As alleged in the complaint, the defendant vehicle had been seized on April 13, 2005, after an arrest of Claimant Christopher Brown and the recovery of drugs, including heroin, crack cocaine, and marijuana from the defendant vehicle.

In November 2005, Claimants, Christopher Brown and Barbara Carl, filed a verified

---

[1] This Report supplants the Plaintiff's Report Pursuant to LCvR 16.3(d) filed herein.

claim and answer denying the allegations in the verified complaint.[2] In January 2006, DaimlerChrysler Financial Services Americas ("DCS") filed a verified claim and answer alleging that DCS had financed part of the purchase price of the defendant vehicle and was, therefore, a lienholder and innocent owner. As of April 20, 2006, DCS claims that it is owed $15,023.46 on the loan for the 2005 Chrysler 300C. DCS also claims that, since June 2005, no payments have been made by either Claimant Brown or Claimant Carl on DCS' loan.

(1) **Dispositive Motion**: Based upon discussions held on May 18, 2006, the Parties believe that this case can be disposed of by settlement or dispositive motion.

(2) **Joinder of Parties**: The Parties do not believe that additional parties need be joined. The Plaintiff does not anticipate amendments to the pleadings. If settlement is not reached in this matter, Claimant Carl anticipates amendment of her pleadings. The Plaintiff will have no objection to such amendment.

(3) **Assignment to a Magistrate Judge**: The Parties object to the referral of this matter to a Magistrate Judge.

(4) **Possibility for Settlement**: The Parties believe that there is a possibility for settlement.

(5) **ADR**: The Parties believe that it is too early to assess whether alternative dispute resolution will be appropriate.

(6) **Resolution by Dipositive Motion**: The Parties believe that this case can be resolved, in whole or in part, by either settlement or dispositive motion.

---

[2] At a scheduling conference held on May 18, 2006, Mr. Brown's counsel indicated that he would be withdrawing Mr. Brown's claim.

(7) **Initial Disclosures**: The Parties will exchange initial disclosures by June 15, 2006, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

(8) **Discovery**: The Parties propose a four (4) month discovery period and up to four depositions for each party. The Parties propose the submission of up to thirty (30) interrogatories and ten (10) requests for production of documents (excluding sub-parts) by each party.

(9) **Exchange of Expert Witness Information**: Should this case go to trial, the Plaintiff may need expert testimony and will provide disclosures to the other Parties at the pretrial conference. However, the Parties believe that they can agree on stipulations which will eliminate the need for expert testimony.

(10) **Class Action Procedures**: Not applicable.

(11) **Bifurcation of Trial and/or Discovery**: Not applicable.

(12) **Date for Pretrial Conference**: The Parties request that the pretrial conference not be set until the Court has ruled on any dispositive motions filed following the close of discovery in this case.

(13) **Trial Date**: The Court should set the trial date at the pretrial conference, rather than in the scheduling order.

(14) **Other Matters**: None.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

      /s/
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


      /s/
JUDITH A. KIDWELL
Assistant United States Attorney
555 4th St., N.W., Room 4818
Washington, D.C.  20530
(202) 514-7250
**For the Plaintiff**


      /s/
BERNARD J. DIMURO, ESQ.
D.C. BAR #929406
JOHN M. TRAN, ESQ.
DIMURO GINSBERG, P.C.
908 King Street, Suite 200
Alexandria, Virginia 22314
**For Claimant Barbara Carl**


      /s/
SAMUEL J. DEBLASIS, II, ESQ.
DECARO, DORAN, SICILIANO,
 GALLAGHER & DEBLASIS, LLP
Washington Business Park
4601 Forbes Boulevard, Suite 200
Lanham, MD 20703-0040
**For Claimant DaimlerChrysler**

## CERTIFICATE OF SERVICE

      I hereby certify that copies of this Parties' Joint Report Pursuant to LCvR 16.3(d) and Agreed Scheduling Order have been sent electronically on this 22nd day of May, 2006, to:


Pleasant S. Brodnax, III, Esq.
The Mills Building, Fourth Floor
1700 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
**Counsel for Claimant Christopher Brown**

Samuel J. DeBlasis, II, Esq.
Washington Business Park
4601 Forbes Boulevard, # 200
Lanham, MD 20703-0040
**Counsel for Claimant DaimlerChrysler**

John M. Tran, Esq.
Bernard J. DiMuro
DiMuro, Ginsberg, PC
908 King Street, Suite 200
Alexandria, VA 22314
**Counsel for Claimant Barbara Carl**


                                            /s/
                                    JUDITH A. KIDWELL
                                    ASSISTANT U.S. ATTORNEY