## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action No. 05-CV-02018** |
| **v.** | : | |
| | : | **Judge: James Robertson** |
| **ONE 2005 CHRYSLER 300C,** | : | |
| **VIN 2C3AA63H45H667165,** | : | |
| **with all appurtenances and** | : | |
| **attachments thereon,** | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |
| | : | |
| **Claimants: Barbara Carl** | : | |
| **Christopher Brown** | : | |
| **Daimler Chrysler Financial** | : | |
| _____ | : | |

### SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL

The plaintiff, the United States of America, and the claimants, Barbara A. Carl,

Christopher Brown, and DaimlerChrysler Financial Services Americas, LLC/DBA

DaimlerChrsyler Services N.A., LLC ("DCS"), (collectively, the "Parties"), hereby enter into the

following Settlement Agreement and Stipulation of Dismissal ("Agreement").

### RECITALS

WHEREAS, the United States is the plaintiff in Civil Action No. 05-CV-02018

("Action"), pending in the United States District Court for the District of Columbia, and seeks

the forfeiture of the defendant vehicle, one 2005 Chrysler 300C, VIN 2C3AA63H45H667165;

WHEREAS, in the Action, the United States has alleged in a verified complaint that:

(1) that the defendant vehicle was used or intended for use, to transport, or to facilitate the

transportation, sale, receipt, possession or concealment of controlled substances and is subject to

forfeiture pursuant to 21 U.S.C. § 881(a)(4); (2) the defendant vehicle was purchased with proceeds that were furnished in exchange for controlled substances, or was traceable to such an exchange and is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6); (3) Christopher Brown's purchase of the defendant vehicle constituted money laundering and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A); and (4) Christopher Brown's purchase of the vehicle constituted a monetary transaction in property derived from specified unlawful activity and of a value greater than $10,000.00 and is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

WHEREAS, Christopher Brown and Barbara Carl have each filed claims of ownership to the defendant vehicle and have filed answers in the Action denying the majority of the allegations of the verified complaint;

WHEREAS, DCS has filed a claim and answer in the Action asserting that it is a lienholder and innocent owner of the defendant vehicle; which is not disputed by Plaintiff; and

WHEREAS, the Parties desire to settle and compromise all matters and issues in controversy between the Parties that have, or could have, been raised in the Action, and have agreed to do so as hereinafter provided, without recourse to further litigation between them in this Action or other actions or forums.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises, covenants, and conditions herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree as follows:

1.     The above Recitals are incorporated herein by reference.

2.     Barbara Carl shall pay to the United States the sum of five thousand dollars

2

($5,000.00).  Payment shall be made by certified check or wire transfer to the United States

Marshals Service.  Barbara Carl shall provide this certified check or wire transfer to the United

States Marshals Service, United States District Court, District of Columbia, within 10 days of

delivery of this executed Agreement to counsel for the United States.  These monies shall be

treated in the same manner as the proceeds of a sale of the defendant vehicle.  The defendant

vehicle will be made available to Barbara Carl within 10 days of the payment of the $5,000.00 to

the United States Marshals Service.

      3.     Barbara Carl shall pay to DCS $16, 428.08.  This payment shall constitute the

final and entire payment for the principal balance remaining on the defendant vehicle, including

any and all accrued interest on the principal balance.  Payment shall be made by check or wire

transfer to DCS.  Barbara Carl shall provide this check or wire transfer to DCS within 10 days of

delivery of this executed Agreement to counsel for Barbara Carl, Christopher Brown, and

counsel for the United States.  DCS shall thereafter release its lien on the defendant vehicle.

      4.     Christopher Brown hereby agrees, covenants, and declares that he waives,

foregoes, relinquishes and disclaims any and all interest in the title, ownership, or possessory

rights in the defendant vehicle that he may have acquired with its purchase.  Christopher Brown

agrees to take all actions necessary, including signing any required documents, to transfer any

interest he has in the defendant vehicle to Barbara Carl.  Additionally, Christopher Brown agrees

that he will neither reacquire any interest in the defendant vehicle, operate the defendant vehicle

at any time in the future, or apply to DCS in the future for financing of any type.

      5.     After the execution of this Agreement by all parties, it shall be filed with the

United States District, and upon approval and signing by the Honorable James Robertson, the

3

Action shall be dismissed and removed from the District Court's trial calendar.

6.      The claimants, Barbara Carl, Christopher Brown, and DCS agree to waive forever any present or future right to bring any suit against the United States and/or any of its agencies, officers, employees and/or agents for any cause of action related to the Action or related to the underlying facts of this case.  Carl and Brown waive any claims against DCS relating to the defendant vehicle.

7.      The Parties agree that each party to this Settlement Agreement and Stipulation of Dismissal shall bear their own legal expenses, including attorney's fees and court costs.

8.      This Agreement represents the compromise of disputed claims and shall not in any way be considered an admission of liability by any person or entity named or described herein.

9.      This Agreement is entered into without reliance on any other statement, representation, promise, inducement or agreement not expressly contained in the terms hereof. This Agreement constitutes the entire agreement between the Parties and supersedes all prior written or oral agreement concerning the settlement of these claims.

10.      No term or provision within this Agreement may be varied, changed, modified, waived, or terminated orally, except by an instrument in writing signed by the Party against whom the enforcement of such alteration is sought.

11.      The Parties, after the execution of this Agreement, shall perform such further acts that may be reasonably requested to effectuate the terms of this Agreement, upon request.

12.      Each of the Parties has participated in the drafting and negotiation of this Agreement.  For all purposes, this Agreement shall be deemed to have been drafted jointly by all

4

Parties hereto.

13.     This Agreement may be executed on facsimile copies and in counterparts, each of which shall be deemed an original.

14.     This Agreement shall be governed and construed in accordance with the laws of the District of Columbia.

15.     If any part or provision of this Agreement is declared null and void or unenforceable by any court or tribunal having jurisdiction, then such part or provision shall be considered separate and apart from the remainder of the Agreement, which shall remain in full force and effect.

16.     The Parties have carefully read this Agreement and after consultation with their respective legal counsel, fully understand it and sign the same as a voluntary act.

17.     The persons signing this Agreement represent and warrant by their signatures that they have authority to sign this Agreement on behalf of the entities for whom they are signing.

WHEREFORE, as set forth in the seventeen (17) enumerated paragraphs above, the Parties stipulate that the Action is dismissed, subject to the Court retaining jurisdiction as necessary to enforce the terms of this Settlement Agreement and Stipulation of Dismissal.

Respectfully submitted,


_Barbara A. B. Carl_
BARBARA  A. B. CARL, CLAIMANT


_Jeffrey A. Taylor /um_
KENNETH L. WAINSTEIN _Jeffrey A. Taylor /um_
UNITED STATES ATTORNEY
D.C. Bar No. 451058


_Bernard J. DiMuro_
BERNARD J. DIMURO, ESQ.
DiMuroGinsberg
908 King Street, Suite 200
Alexandria, Virginia 22314
(703) 684-4333
COUNSEL FOR CLAIMANT BARBARA CARL


_William R. Cowden_
WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301


_Vivian Bland_
CHRISTOPHER BROWN, CLAIMANT
Vivian Bland, by Power of Attorney for
Christopher Brown, for and on behalf
of Christopher Brown


_Judith A. Kidwell /um_
JUDITH A. KIDWELL
Assistant United States Attorney
Asset Forfeiture Unit
555 4th Street, Room 4818
Washington, D.C. 20530
(202) 514-7250


_Pleasant S. Brodnax m_
_Vivian Bland_
PLEASANT S. BRODNAX, III, ESQ.
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 462-1100
COUNSEL FOR CLAIMANT CHRISTOPHER BROWN


_/s/_
SAMUEL J. DEBLASIS, II, ESQ.
Washington Business Park
4601 Forbes Boulevard, Suite 200
Lanham, Maryland 20703-0040
COUNSEL FOR CLAIMANT DAIMLERCHRYSLER